IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Mario Antwan Lloyd, | ) | Civil Action No.: 1:14-cv-4666-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Simon Major, Director; Daryl | ) | |
| McGhaney, Asst. Director (Major); | ) | |
| Captain Theresa Ray-Lee; Captain | ) | |
| Gillard; Lieutenant C. Kelley; | ) | |
| Sergeant Cusandra F. Wilson; | ) | |
| Sergeant James; and Sergeant | ) | |
| Shirah, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Mario Antwan Lloyd, proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983 against the above captioned Defendants on December 10, 2014. *See* Compl., ECF No. 1. On January 12, 2015, Defendants filed an answer to the complaint. *See* Def.'s Ans., ECF No. 12. The matter is now before the Court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 28. In the Report and Recommendation, the Magistrate Judge recommends the Court dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("FRCP") for failure to prosecute. *See id.* at 2.

---

[1] At the time Plaintiff filed this action, he stated he was confined at the Sumter-Lee Regional Detention Center, 1250 Winkles Road, Sumter, SC 29153. *See* ECF No. 1 at 1–2. Several filings that the Court subsequently mailed to Plaintiff, however, were returned as undeliverable. *See* ECF Nos. 27, 31. Plaintiff has not made any additional filings subsequent to the Complaint, and he has not notified the Court of a different mailing address. Accordingly, it is unclear whether Plaintiff is still incarcerated and, if so, what his proper mailing address is.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation.[2] In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that this action is **DISMISSED** *with prejudice* pursuant

---

[2] In the R & R, the Magistrate Judge noted that Defendants filed a motion for an extension of time to file dispositive motions on April 10, 2015, *see* ECF No. 21, which was granted via Order on the same day, *see* ECF No. 22. The Clerk of Court mailed Plaintiff a copy of the Order on April 13, 2015, *see* ECF No. 25, but it was returned as undeliverable on April 27, 2015, *see* ECF No. 27. The Magistrate Judge noted that her December 15, 2014 Order directed Plaintiff to notify the Court in writing of any change in address, and that Plaintiff failed to do so. *See* ECF No. 28 at 2–3. Accordingly, she recommended the Court dismiss this action pursuant to Rule 41(b). A copy of the R & R was mailed to Plaintiff's mailing address of record, *see* ECF No. 29, but was also returned as undeliverable, *see* ECF No. 31.

to Rule 41(b) of the FRCP for failure to prosecute. Defendants' second motion for extension of time to file dispositive motions, ECF No. 30, is **FOUND AS MOOT**.

    **IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
May 26, 2015